OPINION OF THE COURT — by the
How. I. It. NICHOLSON.'
This was a motion in the circuit court of Adams county against the appellant, for judgment on a tax-collector’s bond, to which the appellant was security, according to the provisions of the statute — Revised code, page 395, sec. 30, To this motion, the defendant pleaded the act of the Legislature, passed 18th January, 1826, entitled an act for the relief of John Hankinson in bar; to which plea, the state, by its counsel, demurred, and set out several special causes of demurrer. The 3d cause specially set, is, that the plea does not alledge that the extension of time given by the state to Hankinson was given against the consent of the said defendant. If the extension of time had been given with the assent of said defendant, it is very clear that he could not have taken advantage of it: this allegation ought to appear in a plea of this kind, in order to enable the defendant to take advantage of such a provision. — Wo think, therefore, that the court below acted correctly in sustaining the demurrer for this cause, — 9 Wheaton, 730. The act of 1836, aforesaid, we think, did not form any part of the contract with the surety, and does not discharge him, — 11 Wheaton, 184. — Besides, this act ought to have a fair construction. There are two sections in it. The most natural mode of construing statutes is, to construe one part by another of the same statute;— for this best expresses the meaning of the maker,— 6 Bacon, 380. Again, a statute ought to he so construed that, if it can be prevented, no clause, sentence, or word, shall be superfluous, void or insignificant, — same hook, 380. The first section of the act aforesaid, extends the time to 30 days, to Hankinson, to collect and make his returns of the residue of the taxes. The 2d section says, that Hankinson shall enter into bond in, the sum of *373 six thousand dollars, with security, to be approved of by the justices of the county court of Adams county, conditioned, that he, Hankinson, shall well and truly collect and account for the balance, within the said 30 days. It is clear to my mind, that the legislature intended this 2d section ns a “proviso," and a condition precedent to be performed by said Hankinson; and unless it is so considered, it amounts to nothing but an absurdity; and according to the rules laid down by Lord Bacon for construing statutes, we must put'this construction upon the meaning of the legislature. Hankinson never gave the bond, and was not entitled to the extension of time. However, we may feel for the situation of a security in such cases as this, yet we feel bound by the principles of law applicable to this case to affirm the judgment of the court below.
Gaines, Attorney General, for plaintiff.
McMurran and D. S. & R. J. Walker, for defendant.
Judgment accordingly affirmed.
Judge Cage concurred.